ELIJAH GILMORE & another *vs.* HENRY HUBBARD, Adminis-
trator.

Arbitrators appointed by the probate court, under Rev. Sts. *c.* 68, § 11, to deter-
mine the validity of a claim against a deceased insolvent's estate, which has
been disallowed by the commissioners, have no power to award that the claim-
ants are in fact indebted to the estate.

An award, in such case, that nothing is due the claimants from the estate, and
that the administrator recover costs, followed by the statement that the estate
has a good claim against the claimants, is so far distinguishable, that one part
may be accepted and the other rejected.

THIS was an appeal from the court of probate accepting
an award, and was submitted upon the following facts : The
defendant was the administrator of Sewall F. Belknap, of
Windsor, Vermont, deceased, whose estate was insolvent.
The plaintiffs presented a claim to the commissioners thereon
which was disallowed, and the plaintiffs claimed an appeal.
Afterwards, the parties, in writing, waived a trial at law, and
submitted the claim to the determination of three arbitrators,
to be appointed by the court of probate, pursuant to Rev. Sts.
*c.* 68, § 11.  The arbitrators made their award "that nothing
is due to said Gilmore and Carpenter (the plaintiffs) from the
estate of said Belknap, and that they take nothing by their
suit."  The award proceeded to state : " And the undersigned
find that there is due to said estate a balance of $11,191.05
from said Gilmore and Carpenter ; " and concluded as fol-
lows : " The referees further award that the said Hubbard,
administrator, recover costs of court, to be taxed by the court,
except referees' fees, which are to be paid by the parties
equally."

*S. Bartlett,* for the plaintiffs, to the point that the arbitrators
exceeded their authority in finding a sum due from the plain-
tiffs to the estate of Belknap, cited *Worthen* v. *Stevens,* 4 Mass.
448.

*C. G. Loring,* for the defendant, to the point that if any
portion of the award was beyond the arbitrators' authority,
such part might be rejected, and the other portion accepted,

cited *Shirley* v. *Shattuck,* 4 Cush. 470 ; *Dickinson* v. *Winchester,* 4 Cush. 115 ; *Maynard* v. *Frederick,* 7 Cush. 252.

BY THE COURT. In the present case, the court are of opinion that the arbitrators exceeded their authority, in finding and reporting a balance due from Gilmore and Carpenter to the estate of Belknap, and that their award in this respect was a nullity. But the part of the award which was within the scope of their authority was so clearly distinguishable from the rest, and was so distinctly found and stated, that the two parts might be easily and well separated, and the good affirmed and the unauthorized rejected. They appear to be wholly independent. The court therefore direct the following decree to be entered :

On an appeal, in this case, from the judgment of the probate court, accepting the report and award of arbitrators appointed by a rule of that court, to inquire and decide upon the claims of said appellants against the estate of Sewall F. Belknap, the defendant's intestate, it is ordered, adjudged, and decreed, that so much of the judgment of said probate court, accepting the award of said arbitrators, as adjudged and declared that the said Gilmore and Carpenter had no claim against the estate of said Belknap, and further awarding that said Hubbard, administrator, recover of said Gilmore and Carpenter his taxable costs of that suit, and one half of the costs of said reference, be, and the same is hereby affirmed ; and that so much of said judgment as accepted the residue of the said award, be, and the same is hereby amended and reversed.